Filed 6/16/14  P. v. Sands CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C068905 |
| Plaintiff and Respondent, | (Super. Ct. No. CM030229) |
| v. | |
| PATRICK BRYAN SANDS, | |
| Defendant and Appellant. | |

Defendant Patrick Bryan Sands was convicted of continuous sexual abuse of a child.  In this appeal, he claims the trial court erred when it refused to allow him to impeach the victim with evidence of her prior sexual history and a statement she made to her physician, and when it refused to allow him to establish a witness's bias by questioning her about the fact her own daughter had previously been molested.  We find no error and affirm.

1

FACTS

The victim, Jane Doe 1 (Jane), lived with defendant, her uncle, and his wife from when she was seven years old until she turned 14. Testifying at trial at the age of 16 years, she described five separate molestations by defendant. The first occurred when she was 10 years old. She was in her room drawing when defendant came in and threw her on her bed. He took her clothes off while she struggled to get away. He held her legs apart and rubbed his erect penis against her vagina. He penetrated just "a little bit."

The second molestation happened a few weeks later. Defendant sat by Jane on the living room couch, grabbed her feet, and pulled her toward him. He pulled down her pants and underwear and inserted his penis partly into her vagina and began moving back and forth. He stopped when he heard his wife moving around in their bedroom.

A third incident happened one or two weeks later in Jane's bedroom. Jane had just showered and was in her room with only a towel around her. Defendant walked in, ripped the towel off her, and threw her onto the bed. Jane tried to get away, but defendant grabbed her legs and pulled her toward him. He attempted intercourse, his penis partially penetrating her once. He left the room when he heard a car outside.

A fourth molestation occurred just prior to Jane's 11th birthday. As Jane walked to the computer room, defendant grabbed her and pulled her into his bedroom. He threw her on the bed and pulled down her shorts. Defendant again attempted intercourse. His penis made contact with her vagina, and he moved it back and forth along the outside. He stopped when he heard a noise outside.

A fifth incident happened when Jane was 12 years old. On that occasion, defendant orally copulated her.

In February 2009, defendant's boyhood friend, Bryan Byars, visited from out of town and met up with defendant at a local bar. During their conversation, defendant told Byars he was "fooling around sexually" with Jane, including kissing her and performing

2

oral sex. Byars asked defendant if he and Jane had engaged in intercourse. Defendant replied, "It didn't fit."

Byars told his mother, Carol Ramirez, about his conversation with defendant. Ramirez later confronted defendant about the information. Defendant told her he had fallen in love with Jane, and he "was attracted to her curvy little body." Defendant also told her he felt excited when Jane would lie down next to him on the couch with her buttocks up against his genitals.

A prosecution expert witness, Dr. Anthony Urquiza, testified regarding Child Sexual Abuse Accommodation Syndrome, a theory used by therapists to understand and explain how a child reacts after being sexually abused. In short, secrecy and helplessness often lead a child victim to delay or even retract disclosures.

A jury convicted defendant of continuous sexual abuse of a child under 14 years of age (Pen. Code, § 288.5), and found true an allegation that defendant had engaged in substantial sexual conduct with Jane (Pen. Code, § 1203.066, subd. (a)(8)). The trial court sentenced defendant to state prison for the middle term of 12 years.

DISCUSSION

Defendant contends the trial court violated his constitutional right to confront witnesses when under Evidence Code section 782 it refused to allow him to impeach Jane with evidence of her past sexual conduct and with a conflicting statement about her lack of sexual activity she allegedly made to her doctor, and when it refused to allow him to cross-examine Carol Ramirez for bias based on the fact her own daughter had been molested. We disagree with his contentions.

1.    *Evidence of sexual conduct*

    a.    *Additional background information*

Defendant filed two motions pursuant to Evidence Code section 782 seeking permission to introduce evidence of Jane's prior sexual conduct to impeach her credibility. One (in limine motion No. 3) sought to introduce a statement Jane allegedly

3

made that she had once before had consensual sexual intercourse with a boy. In his offer of proof, defense counsel alleged Jane underwent four interviews; the first with Child Protective Services worker Carmel Kennedy, the second with forensic interviewer Lisa Salzman, the third with district attorney investigator Alisa Burns, and the fourth with district attorney investigator Jeff Wiles. In the first two interviews, Jane denied defendant had sexual intercourse with her. In the third interview, Jane initially denied defendant had sexual intercourse, but after additional questioning by Burns, Jane stated she had been penetrated and that defendant had sexual intercourse with her on two occasions. In the fourth interview, Jane told Wiles that defendant violently raped her every other week for three years.

Counsel alleged that in the second interview, Jane admitted she had experienced consensual sexual intercourse with a boy one time. Counsel claimed this statement was relevant to impeaching Jane's credibility and was more probative than prejudicial. Because she had experienced intercourse before, she knew what penetration was. Thus, Jane allegedly lied either in the first two interviews when she said there was no intercourse, or in the third and fourth interviews when she changed her story and said there had been intercourse.

The trial court denied this in limine motion. It concluded the alleged statement's prejudicial effect outweighed its probative value. The court found the evidence could confuse the jury on whether minors could consent to sexual activity, and proving the statements true would cause unreasonable delay. It also determined the evidence would only marginally address credibility. Whether Jane had sex once with a boy was irrelevant to her ability to describe defendant's assaults on her. The inconsistencies in her statements, of which there were many, were more probative on the issue of credibility than a delayed disclosure of a consensual sexual act with a boy.

The second motion pursuant to Evidence Code section 782 (in limine motion No. 4), sought to introduce a statement made by Jane about touching her brother's genitals

and her later recantation of the statement. A dependency disposition report stated that in 2000, when she would have been five years old, Jane disclosed she had touched her brother's "weenie" and he had liked it. The report stated Jane later said she was not telling the truth when she made that statement. Defense counsel sought to introduce this statement purely for credibility purposes; Jane stated she had touched and then later denied it.

The trial court denied this in limine motion, ruling the statement's prejudicial effect outweighed its probative value. Because Jane allegedly made the statement when she was five years old, the statement had little probative value as to Jane's credibility as a 13-year-old when she first complained about defendant or as a 16-year-old testifying at trial. Admitting the statement also would consume the court's time if Jane denied or could not recall making the statements, and time had to be spent finding and examining the person who recorded the statement.

In addition to the two in limine motions, defendant sought to admit a third statement under Evidence Code section 782 Jane allegedly made regarding her sexual history, this one to her doctor. Defense counsel alleged that during an exam in February 2008, Jane told her doctor she was not sexually active. At trial, however, Jane testified she was raped by defendant repeatedly from January 2005 until October 2008 when she was removed from defendant's home. According to counsel in his motion for new trial, and to the prosecution in its opposition to the motion for new trial, the trial court refused to allow defendant to introduce the statement allegedly made to the doctor. Defendant claims the statement should have been admitted as it went to Jane's credibility. Neither party here cites to the record where the motion was actually made and denied.

b.    *Analysis*

"[A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in *otherwise appropriate* cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to

5

expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.' [Citation.]" (*Delaware v. Van Arsdall* (1986) 475 U.S. 673, 680 [89 L.Ed.2d 674, 684], italics added.) However, the ordinary rules of evidence as a general matter do not impermissibly infringe on a defendant's right to present a defense. (*People v. Lucas* (1995) 12 Cal.4th 415, 464.)

A defendant's right to cross-examination "is not a matter of 'absolute right.' Although we have said that '[c]ross-examination to test the credibility of a prosecuting witness in a criminal case should be given wide latitude' [citation], such latitude does not 'prevent the trial court from imposing reasonable limits on defense counsel's inquiry based on concerns about harassment, confusion of the issues, or relevance' [citations]. Moreover, reliance on Evidence Code section 352 to exclude evidence of marginal impeachment value that would entail the undue consumption of time generally does not contravene a defendant's constitutional rights to confrontation and cross-examination. [Citation.]" (*People v Brown* (2003) 31 Cal.4th 518, 545.)

Our Legislature has imposed these principles by statute to evidence of a sexual assault victim's prior sexual conduct. "Evidence of the sexual conduct of a complaining witness is admissible in a prosecution for a sex-related offense only under very strict conditions. A defendant may not introduce evidence of specific instances of the complaining witness's sexual conduct, for example, in order to prove consent by the complaining witness. (Evid. Code, § 1103, subd. (c)(1).) Such evidence may be admissible, though, when offered to attack the credibility of the complaining witness and when presented in accordance with the following procedures under [Evidence Code] section 782: (1) the defendant submits a written motion 'stating that the defense has an offer of proof of the relevancy of evidence of the sexual conduct of the complaining witness proposed to be presented and its relevancy in attacking the credibility of the complaining witness' (*id.,* § 782, subd. (a)(1)); (2) the motion is accompanied by an affidavit, filed under seal, that contains the offer of proof (*id.,* subd. (a)(2)); (3) '[i]f the

6

court finds that the offer of proof is sufficient, the court shall order a hearing out of the presence of the jury, if any, and at the hearing allow the questioning of the complaining witness regarding the offer of proof made by the defendant' (*id.,* subd. (a)(3)); and (4) if the court, following the hearing, finds that the evidence is relevant under Evidence Code section 780 and is not inadmissible under [Evidence Code] section 352, then it may make an order stating what evidence may be introduced by the defendant and the nature of the questions to be permitted. (*Id.,* § 782, subd. (a)(4).)" (*People v. Fontana* (2010) 49 Cal.4th 351, 362.)

An offer of proof is sufficient if it demonstrates how the proffered evidence is relevant to attacking the witness's credibility under the factors listed in Evidence Code section 780. (Evid. Code, § 782, subd. (a).)

"The Legislature's purpose in crafting these limitations is manifest and represents a valid determination that victims of sex-related offenses deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy. [Citations.] By affording victims protection in most instances, these provisions also encourage victims of sex-related offenses to participate in legal proceedings against alleged offenders. [Citations.] Accordingly, our courts have properly exercised the discretion afforded by Evidence Code section 782 'narrowly' (*People v. Chandler* (1997) 56 Cal.App.4th 703, 708), and we emphasize that '[g]reat care must be taken to insure that this exception to the general rule barring evidence of a complaining witness' prior sexual conduct . . . does not impermissibly encroach upon the rule itself and become a "back door" for admitting otherwise inadmissible evidence.' [Citation.]" (*People v. Fontana, supra,* 49 Cal.4th at pp. 362-363.)

A court's proper application of Evidence Code section 782, as with other rules of evidence, does not deprive a defendant of his constitutional right to confront witnesses. (See *People v. Fontana, supra,* 49 Cal.4th at p. 370.) "A trial court's ruling on the admissibility of prior sexual conduct will be overturned on appeal only if appellant can

show an abuse of discretion. [Citation.]" (*People v. Chandler, supra,* 56 Cal.App.4th at p. 711.)

Here, the trial court combined the two-step process required by Evidence Code section 782 into one step. It apparently considered the offers of proof to be relevant and assumed Jane and the other involved witnesses would testify as the offers stated, and then it considered the proposed testimony's prejudicial effect under Evidence Code section 352 without convening an in camera hearing. Defendant does not challenge the trial court's process, but instead challenges the court's decision on its merits.

We cannot say the trial court abused its discretion by concluding the proffered testimony was unduly prejudicial under Evidence Code section 352. It could reasonably conclude the proffered evidence's probative value as to credibility was weak and cumulative when compared with its likely prejudicial effect. Jane's statements to investigators and at trial disclosed a number of conflicts in her versions of the facts. Using her later admissions and denials of having experienced intercourse, reporting she touched her brother's genitals and then recanting, and not being sexually active added little to developing the contradictions in her stories and testing her credibility by them, a trial tactic of which defense counsel strongly availed himself.

Her having had consensual sexual intercourse was no prerequisite to being able to determine whether defendant's penis touched or entered her vagina. That fact does little to aid a jury in knowing whether and when Jane was telling the truth. Her retracted statement of touching her brother occurred when Jane was only five years old and some 11 years before trial. Her character for veracity as a five-year-old had little relevance to her credibility as a teen. And her response to her doctor's vague question of being "sexually active" could be anything from a mistruth to a misunderstanding of what the doctor meant. Being sexually active does not necessarily imply being molested.

The trial court's concerns about jury confusion and possible consumption of trial time were also reasonable in light of the statements' low probative value. The court was

8

concerned about confusing the jury with testimony that a victim of sexual assault consented to sexual intercourse while a minor, when consent was not at issue in the trial. Also, putting on witnesses to prove the truth of Jane's excluded statements would incur additional time for testimony that was at best cumulative. We do not fault the court for having these concerns.

Against this lack of probative weight laid the substantive threat the jury, upon hearing she had had consensual sex as a young teen and had touched her brother, would discredit her based on those facts, as opposed to the contradictions in testimony for which defendant sought to use them.

Even were we to conclude the trial court's denials deprived defendant of his constitutional right of confrontation, we would still affirm, as the error would be harmless. A violation of the confrontation clause is harmless if we find " 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' " (*Delaware v. Van Arsdall, supra,* 475 U.S. at p. 680, quoting *Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710].)

We would make that finding here. There is no reasonable doubt defendant would not have received a more favorable verdict had the excluded testimony been admitted. Defendant himself admitted to his friend, Bryan Byars, he had been "fooling around sexually" with Jane, including kissing and performing oral sex. He also told Byars he had attempted intercourse with her, but "[i]t didn't fit." Moreover, defendant told Byars's mother, Carol Ramirez, he had fallen in love with Jane and became excited when her buttocks were next to him. The evidence defendant sought to admit would not have overcome his own admissions.

In addition, the prosecution admitted expert evidence from Dr. Urquiza about Child Sexual Abuse Accommodation Syndrome that provided the jury a reasonable explanation for the contradictions in Jane's testimony, including those that defendant sought to introduce but were excluded. Under the totality of the evidence here, there is

9

no reasonable doubt the jury would have reached the same verdict had the excluded evidence been admitted.  Any error was therefore harmless.

2.     *Evidence of bias*

While cross-examining Carol Ramirez, defense counsel asked if the reason she had a visceral emotion upon hearing of a molestation was because her own daughter had been molested.  The prosecutor objected.  At a bench conference, the trial court did not recall an in limine motion on this issue.  The prosecutor stated she had disclosed the fact of the molestation to the defense about two or three days prior, and she had told counsel they would need to have an Evidence Code section 402 hearing if he was going to question Ramirez about it.  The court agreed, and it refused to allow the line of questioning.  The court was concerned about the privacy interests of Ms. Ramirez and her daughter, and about not knowing what the evidence would be before determining its admissibility.

Defendant claims the court erred in excluding the evidence.  However, the court informed defendant of the procedure by which he could seek to have the evidence admitted; an Evidence Code section 402 hearing.  Defendant never requested one.  The court was well within its discretion to require an Evidence Code section 402 hearing before admitting such potentially prejudicial evidence, and defendant's failure to seek one forfeits his argument here.

DISPOSITION

The judgment is affirmed.

     NICHOLSON     , Acting P. J.

We concur:

     ROBIE     , J.


     BUTZ     , J.

10